UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEVIN ANDREWS,<br><br>        Plaintiff,<br><br>   v.<br><br>RIMROCK MEADOWS<br>ASSOCIATION, et al.,<br><br>        Defendants. | NO. 2:14-CV-062-JLQ<br><br>**ORDER FOR DISMISSAL** |

     On March 7, 2014, Plaintiff, proceeding *pro se*, filed an application to proceed *in forma pauperis* (IFP) (ECF No. 2) and lodged a proposed Complaint for Equitable and Injunctive Relief and Damages (ECF No. 1), along with a Motion for Temporary Restraining Order (ECF No. 3). On March 10, 2014, the court entered an Order to Show Cause (ECF No. 5) why the application to proceed IFP should not be denied and the action dismissed for failure to state a claim over which this court has jurisdiction. *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir.), cert. denied, 382 U.S. 896 (1965)("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit[,] and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis."). Plaintiff filed a Response (ECF No. 6) and letter (ECF No. 10) supplementing his Response, which the court has considered. In the interim, Plaintiff also responded to the Magistrate Judge's Order regarding his IFP application, and was granted leave to proceed IFP. (ECF No. 8). The Complaint was filed on March 31, 2014 (ECF No. 9).

ORDER – 1

The court is required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2). Moreover, pursuant to Federal Rule of Civil Procedure 12(h), this court must dismiss an action "[w]henever it appears ... that the court lacks jurisdiction of the subject matter ...." Because plaintiff, who is not a prisoner, has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2) and Rule 12(h).

## I. Plaintiff's Complaint

Plaintiff names the following as Defendants: a subdivision owners' association (Rimrock Meadows Association), the Association's attorney, and individual members of the Association's Board of Directors. Plaintiff claims that the Defendants have made changes to their bylaws and covenants to allow them to "trespass, search, invade the privacy, stalk, harass, and intimidate," and to suspend members' use of development facilities. (ECF No. 9 at 19). The Complaint asserts claims for deprivation of civil rights (4th, 5th, and 14th amendments) under the Civil Rights Act, 42 U.S.C. §§ 1983 (Claims 1-4), 1985 (conspiracy to interfere with civil rights)(Claims 5-6), and 1986 (failure to prevent conspiracy)(Claims 7-8). He also seeks declaratory relief asking the court to order the "termination of covenants" (Claim 9) and a "decree of dissolution" (Claim 10) of the Rimrock Meadows Association. Plaintiff contends the court has jurisdiction over his federal claims pursuant to 28 U.S.C. §§ 1331 and 1343, and over his state law claims pursuant to 28 U.S.C. § 1367.

Plaintiff's Motion for Temporary Restraining Order (ECF No. 3) asks the court to restrain the Defendants from "trespassing, searching, invasion of privacy, and other harassing, intimidating, or oppressive acts and coming from within 100

yards of the Plaintiff," to prevent the Board from holding meetings, and to enjoin the enforcement of the Defendant Association's bylaws.

## II.    DISCUSSION

Civil rights claims under 42 U.S.C. §§ 1983, 1985, and 1986 do contemplate a private cause of action and therefore confer subject matter jurisdiction on the court.  However, Plaintiff's civil rights claims fail because Plaintiff has not alleged or established the alleged violations were committed by a person acting under color of state law.

### A.    42. U.S.C. § 1983

The court incorporates herein by reference the discussion in its Order to Show Cause regarding the state action requirement in the context of a claim made under 42 U.S.C. § 1983. (ECF No. 5); *see American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999) ("To state a claim for relief in an action brought under § 1983, respondents must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law.").  Private parties are viewed as state actors under § 1983 only in **rare** circumstances. *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir.1992). This is partly because "[a]ction taken by private entities with the mere approval or acquiescence of the State is not state action." *American Mfrs*, 526 U.S. at 52(citations omitted).

Plaintiff correctly notes that there are four tests for determining whether a private party's actions amount to state action: (1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test. *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1140 (9th Cir.2012).  However, Plaintiff's Complaint and Response to the court's Show Cause Order allege no facts which could possibly rise to the rare occasion of converting private action into state action under any of these tests.

Plaintiff's Response first contends the requisite nexus with the state is the fact the Defendants "use[d] the authority of State law...to provide themselves with a

ORDER – 3

legal right under color of law." (ECF No. 6 at 2).  Specifically, he cites the Washington Nonprofit Corporation Act (RCW 24.03.035), which he alleges the Association has relied upon to give them authority to conduct their affairs and then change the wording of the bylaws and covenants.  However, the mere fact that state law governs the formation and operation of the Rimrock Meadows Association does not make the Association a state actor.  *Cf. Jackson v. Metropolitan Edison*, 419 U.S. 345, 350–351, 358–359 (1974) (holding that the mere fact that a privately owned utility was subject to extensive state protection and regulation and acted in a manner authorized by state law did not convert the utility's action into state action); *Rendell–Baker v. Kohn*, 457 U.S. 830, 840–843 (1982) (holding that a private school was not a state actor despite extensive state regulation and funding); *see also*, *Snowdon v. Preferred RV Resort Owners Ass'n*, 379 Fed.Appx. 636, 637 (9th Cir.2010)(unpublished)(holding that a homeowners' association was not a state actor under § 1983).

      Plaintiff also contends that [t]he Defendants "have had long-standing communications and interactions with governmental and law enforcement officials" (ECF No. 6 at 7) and he surmises that there is "some cooperative agreement...where the County is provided the benefits of the searches without being directly involved." (ECF No. 6 at 8).  Plaintiff's believes this because of the failure of the county sheriff, prosecuting attorney, and State Attorney General to intervene after writing them letters informing them of Defendants' alleged conduct. (ECF No. 6 at 7).  When a private individual conducts a search not acting as, or in concert with, a government agent, the Fourth Amendment is not implicated, no matter how unreasonable the search. *United States v. Jacobsen*, 466 U.S. 109, 113 (1984). "However, in some cases a search by a private citizen may be transformed into a governmental search implicating the Fourth Amendment if the government ***coerces, dominates or directs the actions of a private person*** conducting the search or seizure." *United States v. Smythe*, 84 F.3d 1240, 1242 (10th Cir.1996) (quotation omitted).  Here, Plaintiff presents no specific allegations of conspiratorial conduct,

ORDER – 4

and has in fact alleged that Defendants were conducting searches to further the Association's own ends, not that they were performing searches intended to assist state or county law enforcement. Plaintiff presents no facts which could possibly support a claim under the joint-action theory. *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003)(requiring that the state "so far insinuated itself into a position of interdependence with the private entity that it must be recognized as a joint participant in the challenged activity" and "knowingly accepted benefits derived from unconstitutional behavior.").

**B.     42 U.S.C. §§ 1985 and 1986**

The state action requirement also applies to claims under § 1985(3) when the alleged conspiracy targets a right that is only constitutionally protected against state interference. *United Brotherhood of Carpenters & Joiners of America v. Scott*, 463 U.S. 825, 833 (1983). The Fourth, Fifth, and Fourteenth Amendments only protect individuals against *state* actions. *Id*. at 832; *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 808 n. 1 (9th Cir.2001); *Jackson v. American Bar Ass'n*, 538 F.2d 829, 832–33 (9th Cir.1976). Since the Complaint lacks any allegation of state involvement, Plaintiff has failed to state a claim under 42 U.S.C. § 1985(3).

To be sure, the Supreme Court has made clear that § 1985(3) can reach purely private conspiracies. *United Brotherhood of Carpenters & Joiners of America v. Scott,* 463 U.S. 825, 833 (1983)(42 U.S.C. § 1985(3) reaches private conspiracies "aimed at interfering with rights constitutionally protected against private, as well as official, encroachment.")). However, § 1985(3) was not intended as "a federal remedy for all tortious, conspiratorial interferences with the rights of others" or a "general federal tort law," the Court has emphasized that § 1985(3) claims must allege "that some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' action, ..." *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267–68 (1993). Although Plaintiff alleges that animus exists between him and the Defendants, the kind of animus that §

ORDER – 5

1985(3) requires is not alleged, nor suggested anywhere in Plaintiff's lengthy filings. Accordingly, Plaintiff also fails to allege a private conspiracy claim under 42 U.S.C. § 1985.

Plaintiff also does not state a § 1986 claim because a § 1985 violation is a pre-requisite. 42 U.S.C. § 1986.

**C.   Declaratory Judgment and/or State Law Claims**

Plaintiff's Complaint also seeks an order terminating the Defendant homeowner's association's covenants and dissolving the Defendant Association. These claims do not independently give rise to a federal question. Where the Complaint fails to state a viable federal claim, the court would not exercise jurisdiction over a request for declaratory relief or possible state law claim. See 28 U.S.C. § 1367(c)(2) & (3); *Acri v. Varian Assoc., Inc.*., 114 F.3d 999, 1000–1001 (9th Cir.1997) (en banc).

**D.   Denial of Leave to Amend**

If a Complaint is vulnerable to dismissal for failure to state a claim, a district court must ordinarily first permit the plaintiff a curative amendment, unless amendment would be futile. Here, Plaintiff's Response to the court's Show Cause Order does not reveal that Plaintiff could present additional information that would transform his allegations into viable federal civil rights claims. Accordingly, the court concludes that allowing amendment would be futile. *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir.1990).

**III.   CONCLUSION**

Even affording Plaintiff's Complaint a liberal reading on account of his pro se status, Plaintiff fails to state any cognizable federal claims against any Defendant. The court concludes based upon the Plaintiff's Complaint and responses to the Court's Order to Show Cause, that the deficiencies outlined above are not capable of being cured by amendment.

The court also concludes based upon the failure to state any cognizable federal claims and legal frivolity of the federal claims, that any appeal of the

ORDER – 6

dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3)("[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); (Fed. R.App. P. 24(a)(3)(A))(a party who has been permitted to proceed in forma pauperis in the district-court action may proceed on appeal in forma pauperis without further authorization unless the district court certifies that the appeal is not taken in good faith). Should plaintiff seek to appeal the dismissal of this case, he must pay the appellate filing fee or must seek leave to proceed in forma pauperis in the United States Court of Appeals for the Ninth Circuit.

**ACCORDINGLY, IT IS HEREBY ORDERED**,

1. Plaintiff's federal claims are dismissed without prejudice for failure to state a claim on which relief may be granted, as required by § 1915(e)(2)(B). The court declines jurisdiction over all claims for declaratory relief and/or arising under state law which Plaintiff might be able to litigate in state court.

2. The Clerk of the Court shall terminate all pending motions and enter **JUDGMENT** in accordance with this Order, dismissing the Complaint (ECF No. 9) and the claims therein, without prejudice.

The Clerk shall enter this Order, enter Judgment of dismissal without prejudice, provide copies to Plaintiff, and **CLOSE THE FILE**.

Dated this 8th day of May, 2014.

                      s/ Justin L. Quackenbush
                      JUSTIN L. QUACKENBUSH
          SENIOR UNITED STATES DISTRICT JUDGE

ORDER – 7